UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-CV-20848-DPG

FEDERAL TRADE COMMISSION,

vs.

WORLD PATENT MARKETING, INC.,
a Florida Corporation, et al.,

        Defendants.
_____/

**DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY THE FTC
SHOULD NOT BE SANCTIONED**

Defendants World Patent Marketing, Inc., Desa Industries, Inc., and Scott Cooper (collectively, "Defendants"), respectfully submit this motion for order to show cause why the FTC should not be sanctioned. In support thereof, the Defendants state[1]:

This Court has the inherent power to impose "reasonable and appropriate" sanctions if it finds that a party has acted in bad faith. *See Matin v. Automobili Lambroghini Exclusive, Inc*., 307 F.3d 1332, 1335 (11th Cir. 2002).

> [S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose. **Therefore ... an attorney's reckless misstatements of law and fact, when coupled with an improper purpose ... are sanctionable under a court's inherent power.**

---

[1] The facts supporting this motion are contained in Defendants' Memorandum in Opposition to a Preliminary Injunction (DE 37). This motion reincorporates that opposition where applicable.

*AT&T Wireless Servs. of California LLC v. City of Carlsbad*, No. 01CV2045-JMLAB, 2002 WL 34396709, at *5 (S.D. Fla. Nov. 7, 2002) (citation and quotes omitted) (emphasis added).

As shown in the Defendants' memorandum in opposition to a preliminary injunction (DE 37), the FTC's *ex parte* submission requested extraordinary injunctive relief from this Court—which is severely damaging to WPM and Mr. Cooper—relying in material part on clear misstatements and omissions of key facts. While we have shown several improprieties with the FTC's *ex parte* papers, the best example is the FTC's misrepresentations regarding TGK. Even though Section 13(b) of the FTC Act permits the FTC to obtain temporary restraining orders only with notice to the opposing party, the FTC proceeded *ex parte* under Rule 65(b) by asserting that notice to WPM and Mr. Cooper would permit dissipation of assets. Motion for TRO at 26-27; *see also* 15 U.S.C. § 53(b) ("after **notice** to the defendant, a temporary restraining order or a preliminary injunction may be granted") (emphasis added). In addition to other falsehoods, one of the FTC's main grounds for proceeding *ex parte* was that "Mr. Cooper has moved ill-gotten gains offshore into an account in the name of TGK Associates." Motion for TRO at 27.

As proven, that statement was a flagrant misrepresentation to the Court—which was at best the result of recklessness in failing to investigate TGK's corporate ownership, or at worst a knowing misrepresentation intended to mislead the Court. A simple search of the California Secretary of State corporate records would have shown the FTC this was incorrect. Instead, the FTC submitted to this Court an outright, inflammatory falsehood in support of the most extraordinary type of relief available to a litigant—injunctive relief, including an asset freeze and receivership, without notice to the opposing party. Because the FTC proceeded *ex parte*, the Court had no option but to rely on this misstatement in issuing the TRO. We submit that this falsehood,

among other misstatements and omissions, appears to be clear-cut bad faith conduct by the FTC given the seriousness of the relief sought and the one-sided nature of the submission.

Accordingly, we request that the Court order the FTC to show cause why it should not be sanctioned based on the various misstatements and omissions in its *ex parte* papers. We submit that if the FTC cannot show cause, the Court should enter multiple sanctions. *First*, the Court should deny the preliminary injunction. *Strategic Turnaround Equity Partners, L.P. (CAYMAN) v. Fife*, No. 10-CV-11305, 2010 WL 2630363, at *12 (E.D. Mich. June 28, 2010) ("The Court will strike the pleadings under its inherent powers to sanction conduct undertaken in bad faith."). *Second*, the Court should award Mr. Cooper the full amount of the attorneys' fees and costs incurred by his family, which has paid for his legal fees thus far, in responding to the Motion for TRO and in connection with the April 6th hearing. *Barash v. Kates*, 585 F. Supp. 2d 1368, 1371 (S.D. Fla. 2008) ("It is well established that courts may award attorney's fees and costs as a sanction pursuant to the court's inherent authority for bad faith litigation").

WHEREFORE, for the foregoing reasons, Defendants respectfully that the Court require the FTC to show cause why it should not be sanctioned.

    Respectfully Submitted,

    /s/ Michael A. Pineiro
    Michael A. Pineiro
    Fla. Bar No. 41897
    mpineiro@mnrlawfirm.com
    Daniel L. Rashbaum
    Fla. Bar No. 310890
    drashbaum@mnrlawfirm.com

    **MARCUS NEIMAN & RASHBAUM LLP**
    2 South Biscayne Boulevard, Suite 1750
    Miami, Florida 33131
    Telephone: (305) 400-4268

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2017, a true and correct copy of the foregoing was served via CM/ECF on all counsel or parties of record on the Service List.

                                                By:    /s/ Michael A. Pineiro
                                                               Michael A. Pineiro