

Jesus M. Suarez
305-913-6682
jsuarez@GJB-Law.com

March 22, 2017

**VIA E-MAIL** (mpineiro@mnrlawfirm.com)

Michael A. Pineiro, Esq.
Marcus Neiman & Rashbaum LLP
2 South Biscayne Boulevard
Suite 1750
Miami, Florida 33131

      RE        *FTC v. World Patent Marketing, Inc., et al.*
                    **Case No. 17-cv-20848-DPG (S.D. Fla.)**

Dear Michael,

      Thank you for your letter dated March 16, 2017. The Receiver has been working diligently to analyze the business affairs and operations of DESA Industries, Inc. and World Patent Marketing, Inc. (the "Receivership Entities") since his appointment. We appreciate Mr. Cooper's cooperation with that endeavor.

      As you are aware, the Receiver has suspended all operations of the Receivership Entities. In order to resume operations, the Receiver must conclude that the Receivership Entities may be profitably operated in a lawful manner. *See* Temporary Restraining Order ("TRO") at ¶XIII(D). In this regard, at our initial meeting on March 10, 2017, we requested that Mr. Cooper provide a business proposal if he would like the Receiver to consider resuming operations. We requested that the proposal include a complete business plan, financial projections and sources of capitalization. We have not received any proposal. Please let us know if Mr. Cooper plans to provide one.

Michael Pineiro, Esq.
March 22, 2017
Page 2

At this time, without a detailed proposal, the Receiver has insufficient information to conclude that the Receivership Entities are likely to be profitable (if operated legally). In particular, we remain concerned about (1) the lack of successfully completed engagements on behalf of consumers; (2) the status of patent work undertaken by the Receivership Entities; (3) the fact that this would be a start-up company with no prior profitable history (since Scott explained that a new business model was being introduced at the time the TRO was entered, and the business had been losing money since November 2016); (4) the nature and extent of misrepresentations, misleading and unfair statements made by the Receivership Entities to consumers in the past; and (5) the negative impact on sales that could be expected from a full disclosure to prospective consumers about the Companies' lack of experience and failure of any prior consumers to have made money from engaging the Companies' services.

With respect to the items addressed in your correspondence:

First, the Receiver has concluded that, at this time, it is appropriate to suspend all of the operations of the Receivership Entities and redirect all websites belonging to the Receivership Entities directly to the Receiver's website (http://www.WPMReceivership.com). It is important that all consumers be made aware that the Receiver is in control of the Receivership Entities and that all inquiries must be directed to the Receiver. As we have asked for several times previously, please immediately furnish us with a list of all user names and passwords for all social media accounts and websites that are owned or controlled by the Receivership Websites, including by not limited to Facebook, Twitter, Angies List, Soundcloud, UTube, LinkedIn, Vimeo, Pinterest.

Second, we agree that it is appropriate to disable the Free Information and Submit Idea sections of the website. We have redirected all traffic from the website to the Receiver's website. We will endeavor to catalogue all calls to the hotline about potential new business.

Third, we agree that it is a good idea to place an away message on each of the WPM mailboxes. The phone lines are all presently being redirected to the Receivership hotline. If you are aware of any lines that have not been redirected, please let us know. With respect to emails, we are waiting to learn if the technology used by the Receivership Entities will allow us to turn on a global "auto-response" function. Please let us know if Mr. Cooper knows whether that feature is available and, if so, how it can be operated. As to the "chat function," we prefer to avoid anonymous communications and do not think that reopening a "chat function" is a prudent use of resources at this time.

Fourth, please provide us with a list of customers that have licensing agreements with the Receivership Entities. If this information is within records controlled by the Receiver, please indicate where they can be found.

Michael Pineiro, Esq.
March 22, 2017
Page 3

Fifth, with respect to new products, please provide us with an analysis of the revenue streams that can be captured by engaging in new business. Also, please advise us of any contracts, license agreements or any other potential liabilities that are connected to the business ventures that are identified in your letter. Do the Receivership Entities own all of the rights associated with the proposed projects? If not, please provide us with the identity of the inventors or consumers affiliated with each.

Sixth, please identify all consumers that have contracted for industrial design services, including whether and how much they have already paid for such services.

Seventh, please provide us your analysis of and outstanding payroll, commissions and all other liabilities owed by the Receivership Entities. The Receiver will consider this request upon a complete analysis.

Additionally, please provide the following documents and information:

1. The Marital Settlement Agreement (including all addendums and modifications) between Mr. Cooper and his former spouse;

2. Copies of all insurance policies where the Receivership Entities, Mr. Cooper or his immediate family members are either named insured or beneficiaries;

3. An explanation as to the Relationship between Maxim Men's Clinic, if any, and Mr. Cooper and the Receivership Entities;

4. Articles of incorporation and governing corporate, partnership or trust documents, to the extent applicable, for the Receivership Entities; Elliot Investment Ventures, LP; EIS Family Holdings, LLC; Renu Ventures, LP; Cooper Idea Foundation; the EIS Family Trust;

5. All credit card statements from inception to present of WPM as identified in Item 19 of the Financial Disclosures.

6. Please identify the source of Mr. Cooper's alimony payments to his former spouse;

7. All information and financial details regarding loan receivables of WPM from affiliated entities, as listed on the balance sheets produced with your initial financial disclosures;

8. Please provide a written explanation of all wire transfers made to the Bank of New Zealand;

9. Please provide all bank records for the Elliot Investment Ventures company at City National Bank 3032;

Michael Pineiro, Esq.
March 22, 2017
Page 4

10. Please provide all bank statements for Renu Ventures bank accounts identified in Items 9 & 10 of Mr. Cooper's Financial Disclosures;

11. Please explain the business operations of Gallery Internet, LLC and how it was funded to pay lease deposits; and

12. Please provide an accounting of the credit card reserves identified in the financial disclosures;

13. At the time the Receiver was appointed the office space in Chicago and North Miami Beach was in default of their respective leases. Please advise if Mr. Cooper has a position on whether the Receiver should terminate or abandon these leases;

14. Please explain the relationship between the Receivership Entities and the New York Idea Exchange; and

15. Please provide bank statements for the EIS Family Trust, as well as any other bank accounts maintained abroad by Scott, directly or indirectly, or held by any third party for his benefit.

As always, we remain available to discuss any of the foregoing issues and requests with you. Thank you.

Sincerely,

Jesus M. Suarez

cc: Jonathan E. Perlman, Esq., Receiver
Heather L. Harmon, Esq.

**Suarez, Jesus**

| | |
|---|---|
| **From:** | Michael Pineiro <mpineiro@mnrlawfirm.com> |
| **Sent:** | Tuesday, April 04, 2017 2:15 PM |
| **To:** | Suarez, Jesus |
| **Subject:** | RE: FTC v. World Patent Marketing, Case No. 17-cv-20848-DPG |

Jay,

Just tried you at your office.  Do you have time to talk today?  Let me know.



Michael A. Pineiro
Marcus Neiman & Rashbaum LLP
2 South Biscayne Boulevard
Suite 1750
Miami, Florida 33131
Telephone:  305-400-4268
mpineiro@mnrlawfirm.com
www.mnrlawfirm.com

This e-mail message is from Marcus Neiman & Rashbaum  LLP, a law firm, and may contain legally privileged  and/or confidential information. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited.  If you have received this message in error, please notify the sender immediately and delete this e-mail message and any attachments from your computer without retaining a copy.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

**From:** Suarez, Jesus [mailto:jsuarez@gjb-law.com]
**Sent:** Thursday, March 30, 2017 9:04 PM
**To:** Michael Pineiro <mpineiro@mnrlawfirm.com>
**Cc:** Harmon, Heather <HHarmon@gjb-law.com>; Perlman, Jonathan <JPerlman@gjb-law.com>
**Subject:** FW: FTC v. World Patent Marketing, Case No. 17-cv-20848-DPG

Michael,

We are still waiting for a response to this correspondence.  Please let us know if you will be providing a response.  Thank you.

Jesus



**Jesus M. Suarez**
100 SE 2nd Street, 44th Floor
Miami, Florida 33131
**Direct:** (305) 913-6682
**Main:** (305) 349-2300
**Fax:** (305) 428-8831
**Email:** jsuarez@gjb-law.com
**Website:** www.gjb-law.com

Miami | Fort Lauderdale

---

**From:** Suarez, Jesus
**Sent:** Tuesday, March 28, 2017 1:12 PM
**To:** 'Michael Pineiro'
**Cc:** Harmon, Heather; Perlman, Jonathan; Serres, Ellen
**Subject:** FW: FTC v. World Patent Marketing, Case No. 17-cv-20848-DPG

Michael,

Please let us know when you expect to respond to our correspondence and provide the requested information. The Receiver requested information, which Mr. Cooper must provide pursuant to the TRO, in order to complete his analysis of the Receivership Entities' business and financial affairs.

Thanks,

Jesus

Jesus M. Suarez
Genovese Joblove & Battista, P.A.
Direct 305.913.6682
jsuarez@gjb-law.com

---

**From:** Suarez, Jesus
**Sent:** Wednesday, March 22, 2017 7:31 PM
**To:** 'Michael Pineiro'
**Cc:** Perlman, Jonathan; Harmon, Heather; Serres, Ellen
**Subject:** FTC v. World Patent Marketing, Case No. 17-cv-20848-DPG

Michael,

Please see attached correspondence.

Thanks,

Jesus



Jesus M. Suarez
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Main 305.349.2300
Direct 305.913.6682
Fax 305.428.8831
JSuarez@GJB-law.com | www.GJB-law.com

Miami | Fort Lauderdale