UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-CV-20848-DPG

FEDERAL TRADE COMMISSION,

vs.

WORLD PATENT MARKETING, INC.,
a Florida Corporation, et al.

       Defendants.
_____/

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants World Patent Marketing, Inc. ("WPM"), Desa Industries, Inc. ("Desa"), and Scott Cooper ("Cooper") (collectively, "Defendants"), through undersigned counsel and pursuant to Fed. R. Civ. P. 7, respectfully submit this answer and affirmative defenses to the Plaintiff Federal Trade Commission's Amended Complaint dated May 25, 2017.

1. This paragraph does not require a response because the Plaintiff's legal claims and the relief sought in the Amended Complaint speaks for itself.

2. Denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted, except that Defendants deny that WPM's principal place of business is currently located at 1680 Meridian Avenue, Suite 600, Miami Beach and that WPM's services are "invention promotion" services, which is a term used by the Plaintiff.

8. Admitted, except that Defendants' deny that Desa's principal place of business is currently located at 1680 Meridian Avenue, Suite 600, Miami Beach and that Desa's services are "invention promotion" services, which is a term used by the Plaintiff.

9. Admitted, except that Defendants deny that Cooper has engaged in any of the violations or other misconduct alleged in the Amended Complaint.

10. Denied.

11. Admitted.

12. Admitted.

13. Admitted, except that Defendants deny that any of their services are "purported."

14. Admitted, except that Defendants deny that any of their services are "purported."

15. Denied.

16. Admitted.

17. Admitted, except that Defendants deny that Defendants' salespeople invariably tell consumers they have great ideas.

18. Denied.

19. Denied.

20. Denied.

21. Admitted, except that Defendants are without knowledge and information regarding the impressions of WPM's prospective or actual customers and that, to the extent these are the impressions of WPM's customers, Defendants deny that they are false impressions..

22. Admitted, except that Defendants deny that the Advisory Board members are not involved in WPM's business.

23. Admitted, except that Defendants deny that salespeople tell consumers that the report comes from a "team" of researchers from major universities such as Harvard and Baylor.

24. Admitted, except that Defendants deny that the GIRA reports invariably conclude that consumers' ideas are patentable and marketable.

25. Admitted that Defendants' salespeople call consumers to discuss the GIRA report, but denied as to the remaining allegations in the paragraph.

26. Admitted, except that Defendants deny that "global" patent protection package is marketed as making patents valid in the U.S. and abroad and that Defendants' services regularly include exhibiting consumers' inventions at trade shows and invention round tables.

27. Denied.

28. Denied.

29. Admitted.

30. Denied.

31. Denied, except for Plaintiff's description of the Patent Cooperation Treaty.

32. Denied.

33. Denied.

34. Denied.

35. Denied, except that Defendants admit that they have contracted with outside patent agents and attorneys to file patent applications on behalf of consumers.

36. Denied.

37. Denied.

38. Denied, except that the letters referenced in this paragraph speak for themselves.

39. Denied.

40. Denied.

41. Denied.

42. Admitted.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## VIOLATIONS OF THE FTC ACT

47. Admitted.

48. Admitted.

49. Admitted.

## Count I

50. Denied, except that WPM did represent that a Review Team would initially review consumers' invention ideas.

51. Denied.

52. Denied.

## Count II

53. Denied.

54. Denied.

55. Denied.

## CONSUMER INJURY

56. Denied.

## THE COURT'S POWER TO GRANT RELIEF

57.     This paragraph calls for a legal conclusion and, thus, no response is required.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief in this action.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses and reserve the right to amend their answer and affirmative defenses based upon information obtained in the course of litigation.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims of deceptive practices fail because any alleged deceptive or unfair practices describe mere puffery in marketing, which is not actionable under the FTC Act.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Defendants provided appropriate disclaimers and other informational disclosures to consumers regarding the risks of the invention industry.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Defendants have acted in good faith at all relevant times in their marketing and sales of Defendants' services.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they violate Defendants' rights under the First Amendment of the Constitution regarding commercial speech.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim in Count II, based on allegedly "unfair practices," is barred because the statute and cause of action are unconstitutionally vague.

WHEREFORE, Defendants respectfully request that the Court enter judgment:

a) dismissing the Amended Complaint without prejudice;

b) awarding Defendants attorneys' fees and costs; and

c) entering any other relief in favor of the Defendants that the Court deems proper.

## JURY DEMAND

Defendants request a trial by jury.

Dated: September 1, 2017

                                      Respectfully Submitted,

                                      /s/ Michael A. Pineiro

                                      Daniel L. Rashbaum
                                      Fla. Bar No. 75084
                                      drashbaum@mnrlawfirm.com
                                      Michael A. Pineiro
                                      Fla. Bar No. 41897
                                      mpineiro@mnrlawfirm.com

                                      **MARCUS NEIMAN & RASHBAUM LLP**
                                      2 South Biscayne Boulevard, Suite 1750
                                      Miami, Florida 33131
                                      Telephone: (305) 400-4268

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2017, a true and correct copy of the foregoing reply brief was served via CM/ECF on all counsel or parties of record.

                                        By:    /s/ Michael A. Pineiro
                                                     Michael A. Pineiro