# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17–cv–20848–Gayles–Otazo-Reyes

**Federal Trade Commission,**

      Plaintiff,

  v.

**World Patent Marketing, Inc.**, a Florida
corporation;

**Desa Industries, Inc.**, also doing business as
World Patent Marketing, a Delaware
corporation; and

**Scott Cooper**, individually and as an owner
and officer of World Patent Marketing, Inc.
and Desa Industries, Inc.,

      Defendants.

_____/

## STIPULATED ORDER FOR
## PERMANENT INJUNCTION AND MONETARY JUDGMENT

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint

for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter, pursuant to

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The

Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent

Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action

between them.

**Therefore, it is ordered** as follows:

## FINDINGS

    1.     This Court has jurisdiction over this matter.

    2.     The Complaint charges that Defendants participated in deceptive and unfair acts

or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the marketing and sale of

invention promotion services.

3.     Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.     Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.     Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.     "**Asset Freeze**" means the provisions of the Preliminary Injunction which restrain and enjoin the use or sale of assets including, but not limited to, the provisions of Sections D through G of the Preliminary Injunction.

B.     "**Defendants**" means the Individual Defendant and all of the Corporate Defendants, individually, collectively, or in any combination.

     1)     "**Corporate Defendants**" means World Patent Marketing, Inc., and Desa Industries, Inc., also doing business as World Patent Marketing, and their successors and assigns.

     2)     "**Individual Defendant**" means Scott Cooper.

C.     "**Invention Promotion Service**" means any business activity that purports to assist inventors in promoting, marketing, commercializing, manufacturing, licensing, evaluating, or patenting inventions.

D.     "**Miami Beach Property**" means the land, situated, lying, and being in Miami-Dade County, Florida described on Attachment A to this Order.

E.     "**Preliminary Injunction**" means the Court's Order in this matter entered at Docket No. 105 on August 16, 2017.

F.       "**Receivership**" means the provisions of the Preliminary Injunction which impose a Receivership over the Corporate Defendants including, but not limited to, the provisions of Sections L through S of the Preliminary Injunction.

**ORDER**

**I.       Ban on Invention Promotion Services**

**It is ordered** that Defendants are permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale of any Invention Promotion Service.

**II.      Prohibition Against Misrepresentations**

**It is further ordered** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

1.       that purchase or use of the goods or services is likely to result in financial gain;

2.       that any individual or group serves in an advisory capacity in connection with the goods or services;

3.       the existence of successful or satisfied customers;

4.       the existence of subsidiaries or affiliated companies;

5.       any other fact material to consumers concerning goods or services, such as the total costs, any material restrictions, limitations, or conditions, or any material aspect of their performance, efficacy, nature, or central characteristics.

**III.     Prohibition Against Consumer Complaint Suppression**

**It is further ordered** that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from

suppressing the availability of truthful negative comments or reviews through any means, including threats, intimidation, non-disparagement clauses, and suppression of online content.

## IV.   Monetary Judgment and Partial Suspension

**It is further ordered** that:

A.      Judgment in the amount of Twenty-Five Million, Nine Hundred Eighty-Seven Thousand, One Hundred Ninety-Two Dollars ($25,987,192) is entered in favor of the Commission against Defendants, jointly and severally, as equitable monetary relief.

B.      City National Bank of Florida, Gibraltar Private Bank & Trust, and Texas Capital Bank are ordered to transfer to the Commission the frozen funds (totaling approximately $78,670) that they hold in bank accounts pursuant to the Asset Freeze within seven days after the entry of this Order.

C.      The Individual Defendant is ordered to pay to the Commission Nine Hundred Seventy-Six Thousand, Three Hundred Thirty Dollars ($976,330) within seven months after the entry of this Order.

D.      To secure the payment obligation under Subsection C, above, the Commission is granted, with the consent of the Individual Defendant, a lien and mortgage on the Miami Beach Property, pursuant to the terms of this Order and the attached Mortgage and Security Agreement ("Mortgage," attached as Attachment B), which is incorporated herein as if fully set forth verbatim.

E.      The Individual Defendant must submit to the clerk's office for recording all security documents used to perfect the Commission's mortgage on the Miami Beach Property within fourteen (14) days after entry of this Order, and must deliver to the Commission copies of such officially recorded documents within one (1) day after receipt of such documents. The Individual Defendant must also submit to the clerk's office for recording all documents used to release the Commission's mortgage on the Miami Beach Property when it is satisfied, and must deliver to the Commission copies of such officially recorded documents within one (1) day after receipt of such documents.

F.      In the event that the Individual Defendant fails to make the required payment when due under Subsection C, above, or the Commission is not allowed to retain any such payment:

    1)      The entire judgment becomes immediately due in the amount specified in Subsection A, above, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

    2)      Upon motion by the Commission, the Court may appoint a Receiver for purposes of taking possession and control of and liquidating the Miami Beach Property in partial or complete satisfaction of the payment required under Subsection C. The Receiver will have the rights and powers, and privileges of an equity receiver. The costs and expenses of the receivership, including reasonable compensation for the Receiver and personnel retained by the Receiver, will be paid solely from the proceeds of the Miami Beach Property.

G.      The Commission's agreement to this Order is expressly based on the material representations of the Individual Defendant that:

    1)      He has the right and authority to enter into the Mortgage; and

    2)      The Miami Beach Property is not encumbered by any lien or other encumbrance except the Mortgage held by City National Bank of Florida, given by the Individual Defendant, dated April 5, 2016 and recorded April 7, 2016, in Official Records Book 30029, Pages 2579-92, in the Office of the Clerk of Miami-Dade County, Florida.

If, upon motion of the Commission, the Court determines that the Individual Defendant made a material misrepresentation or omitted material information concerning ownership or authority to pledge the Miami Beach Property, or any lien or other encumbrance of the Miami Beach Property, the entire judgment becomes immediately due in the amount specified in Subsection A,

above, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

*Provided* that proceedings instituted under this provision would be in addition to, and not in lieu of, any other remedies, as may be provided by law, including but not limited to, contempt proceedings or any other proceedings that the Commission may initiate to enforce this Order.

H.     The Individual Defendant hereby expressly waives his right to assert his homestead exemption in the Miami Beach Property to the fullest extent permitted by applicable law—but solely in the amount of and for the purpose of securing the payment required by Subsection C, above.

I.     The mortgage granted to the Commission herein is subordinate to the existing and aforementioned mortgage of City National Bank of Florida.

J.     The payments and transfers ordered in Subsections B and C, above, must be made by electronic fund transfer in accordance with instructions to be provided by a representative of the Commission. Upon the completion of such payments and transfers, the remainder of the judgment is suspended, subject to the Subsections below.

K.     The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1)     the Financial Statement of Individual Defendant Scott Cooper, signed on March 14, 2017, including the attachments;

2)     the Financial Statement of Corporate Defendant Desa Industries, signed by Scott Cooper, CEO, on March 14, 2017, including the attachments;

3)     the additional information and documentation submitted by e-mail from Defendants' former counsel, Michael A. Pineiro, to Commission counsel Colleen Robbins and James Evans dated March 22, 2017, attaching supplements to the Financial Statements listed above;

4)   the additional information and documentation submitted by e-mail from Defendants' former counsel, Michael A. Pineiro, to the Receiver and the Receiver's counsel dated April 12, 2017, attaching additional financial records;

5)   the additional information and documentation submitted by e-mail from Defendants' former counsel, Michael A. Pineiro, to Commission counsel Colleen Robbins, James Evans, and Jody Goodman dated April 16, 2017, attaching additional financial records and supplements to the Financial Statements listed above;

6)   the additional information and documentation submitted by e-mail from Defendants' former counsel, Michael A. Pineiro, to the Receiver and the Receiver's counsel dated April 17, 2017, attaching additional financial records;

7)   the deposition of Defendant Scott Cooper taken by counsel for the Commission on April 19, 2017;

8)   the additional information and documentation submitted by e-mail from Defendants' former counsel, Michael A. Pineiro, to Commission counsel James Evans and Jody Goodman and Commission investigator Reeve Tyndall dated June 14, 2017, attaching additional financial records;

9)   the additional information and documentation submitted by e-mail from Defendants' former counsel, William Lobel, to Commission counsel Colleen Robbins, James Evans, and Jody Goodman dated September 2, 2017, attaching supplements to the Financial Statements listed above;

10)  the additional information submitted by e-mail from Defendants' former counsel, William Lobel, to Commission counsel Colleen Robbins, James Evans, and Jody Goodman dated September 24, 2017; and

11)    the additional information and documentation submitted by e-mail from Defendants' former counsel, William Lobel, to Commission counsel Colleen Robbins, James Evans, and Jody Goodman dated October 13, 2017, attaching additional financial records.

L.    The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

M.    The suspension of the judgment will be automatically lifted as to any Defendant if the Commission is not allowed to retain any payment or transfer made by or on behalf of that Defendant under this Section.

N.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A, above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## V.    Additional Monetary Provisions

**It is further ordered** that:

A.    Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.    The Individual Defendant relinquishes dominion and all legal and equitable right, title, and interest in the EIS Family Trust and all of its assets.

C.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

D.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

E.     Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

F.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

G.     The Asset Freeze is modified to permit the payments, transfers, and encumbrance of assets required by the Section of this Order titled "Monetary Judgment and Partial Suspension." The Asset Freeze is dissolved as to all assets other than those subject to payment, transfer, or encumbrance under that Section. Upon completion of each transfer of frozen funds required by Subsection B of that Section, the Asset Freeze is further dissolved as to the account from which the transfer was made. Upon completion of all payments and transfers required by this Order, the remainder of the Asset Freeze is dissolved.

## VI.  Customer Information

**It is further ordered** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly:

A.      Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.      Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the sale of invention promotion services.

C.      Failing to destroy such customer information in all forms in their possession, custody, or control within thirty days after receipt of written direction to do so from a representative of the Commission.

*Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII.  Cooperation

**It is further ordered** that Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. The Individual Defendant must appear, and Corporate Defendants must cause the Corporate Defendants' officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five days written

notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

**VIII.   Receivership Termination**

**It is further ordered** that:

A.      The Receivership remains in effect until it is terminated and the Receiver is discharged by further order of this Court.

B.      The Receiver must complete all duties within 120 days after entry of this Order, but any party or the Receiver may request that the Court extend that Receiver's term for good cause.

**IX.    Order Acknowledgments**

**It is further ordered** that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within seven days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For five years after entry of this Order, the Individual Defendant, for any business that he, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section of this Order titled "Compliance Reporting." Delivery must occur within seven days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within thirty days, a signed and dated acknowledgment of receipt of this Order.

X.   **Compliance Reporting**

**It is further ordered** that Defendants make timely submissions to the Commission:

A.   One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1)   Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which the Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2)   Additionally, the Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For twenty years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen days of any change in the following:

1)     Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2)     Additionally, the Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.     Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within fourteen days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

| | | | |
|---|---|---|---|
| Associate | Director | for | Enforcement |
| Bureau | of | Consumer | Protection |
| Federal | | Trade | Commission |
| 600 | Pennsylvania | Ave. | NW |
| Washington, DC 20580 | | | |

The subject line must begin: *FTC v. World Patent Marketing*, matter X170024.

## XI.   Recordkeeping

**It is further ordered** that Defendants must create certain records for twenty years after entry of the Order, and retain each such record for five years. Specifically, Corporate Defendants and the Individual Defendant, for any business that he, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      Accounting records showing the revenues from all goods or services sold.

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination.

C.      Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response.

D.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

E.      A copy of each unique advertisement or other marketing material.

## XII.   Compliance Monitoring

**It is further ordered** that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.   Within fourteen days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.   The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.   Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning the Individual Defendant pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XIII.   Retention of Jurisdiction

**It is further ordered** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16 day of May, 2018.

_____
Darrin P. Gayles
United States District Judge

Copies furnished to:

Magistrate Judge Otazo-Reyes
All counsel of record

**So stipulated and agreed:**

    **for Plaintiff:**

                            **Federal Trade Commission**

                            Alden F. Abbott
                            Acting General Counsel

Dated:  May 9, 2018

_____
Colleen Robbins, Special Bar # A5500793
James Evans, Special Bar # A5502080
Jody Goodman, Special Bar # A5502288
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-8528
Washington, DC 20580
(202) 326-2548; crobbins@ftc.gov
(202) 326-2026; james.evans@ftc.gov
(202) 326-3096; jgoodman1@ftc.gov

_Attorneys for Plaintiff_
_Federal Trade Commission_

**for Defendants:**

**World Patent Marketing, Inc.**

Dated:    March 16, 2018          By:    _____

Scott Cooper, as an officer of
World Patent Marketing, Inc.


**Desa Industries, Inc.**

Dated:    March 16, 2018          By:    _____

Scott Cooper, as an officer of
Desa Industries, Inc.


Dated:    March 16, 2018          _____

**Scott Cooper**, individually


Dated:    March 16, 2018          _____

Craig A. Pugatch
Rice Pugatch Robinson Storfer & Cohen PLLC
101 NE 3rd Ave. Suite 1800
Fort Lauderdale, FL 33301
(954) 462-8000
capugatch@rprslaw.com

*Attorney for Defendant Scott Cooper*

for Defendants (continued):

**Dated:**   March 16, 2018

_____
Craig A. Pugatch
Rice Pugatch Robinson Storfer & Cohen PLLC
101 NE 3rd Ave, Suite 1800
Fort Lauderdale, FL 33301
(954) 462-8000
capugatch@rprslaw.com

*Attorney for Defendants World Patent*
*Marketing, Inc. and Desa Industries, Inc.*

## ATTACHMENT A

"**Miami Beach Property**" means the following described land, situated, lying, and being

in Miami-Dade County, Florida, which currently has the address of ▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆ :

# ATTACHMENT B

This Instrument Prepared By and
To Be Returned To:

Craig A. Pugatch, Esq.
RICE PUGATCH ROBINSON STORFER & COHEN PLLC
101 NE 3rd Ave, Ste 1800
Fort Lauderdale, FL 33301
Telephone: (954) 462-8000

_____[Space above this line for recording data]_____

## MORTGAGE AND SECURITY AGREEMENT

**This Indenture**, made this _____ day of May, 2018, by and between **Scott Cooper**, hereinafter called the "Mortgagor," and the **Federal Trade Commission**, whose address is **600 Pennsylvania Ave., NW, Washington, DC 20580**, hereinafter called the "Mortgagee:"

> The terms "Mortgagor" and "Mortgagee", shall include heirs, personal representatives, successors, legal representatives and assigns, and shall denote the singular and/or the plural, and the masculine and/or the feminine and natural and/or artificial persons, whenever and wherever the context so admits or requires.

**Witnesseth**, that the Mortgagor, for and in consideration of the Mortgagee's consent to settlement of the lawsuit *Federal Trade Commission v. World Patent Marketing, et al.*, Case No. 17-cv-20848 (S.D. Fla.), under the terms set forth in the Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief (the "Stipulated Final Judgment"), entered as to Defendants World Patent Marketing, Inc., Desa Industries, Inc., and Scott Cooper (these parties shall collectively be referred to hereafter as "Defendant-Debtors"), pursuant to which Mortgagor is made jointly and severally liable, along with all other Defendant-Debtors, for Nine Hundred Seventy-Six Thousand, Three Hundred Thirty Dollars $976,330, and as further security therefor, the Mortgagor, under the terms set forth herein, does hereby grant, bargain, sell, remise, convey, assign, pledge, deliver, set over, warrant and confirm unto the Mortgagee and grant a security interest to said Mortgagee, its successors and assigns, in fee simple, the following described real property situated, lying and being in Miami-Dade County, Florida, to-wit:



together with all buildings and improvements now or hereafter situated upon said property, and all fixtures and equipment now or hereafter located in the premises and improvements thereon, together with all additions thereto and replacements thereof (all of which is hereinafter referred to as the "Property").

1

And the said Mortgagor does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.

The Mortgagor hereby covenants and agrees:

1. To keep the buildings now or hereafter on the land insured for fire and extended coverage in a sum at least equal to the value of the Property, and to furnish the Mortgagee with a copy of all current policies upon request. If Mortgagor does not provide the Mortgagee with copies of the policies after fifteen (15) days written demand by the Mortgagee, then the Mortgagee may purchase such insurance and shall add any payments made for such policy to the balance owed on the Stipulated Final Judgment, and such payments shall accrue interest at the maximum rate of interest allowed by law. In the event of a loss to the Property, Mortgagor shall give immediate notice to the Mortgagee. In the event any sum of money becomes payable under such policy for a covered loss to the Property, the Mortgagor shall use such funds, or any part thereof, for repair or replacement of the Property to its pre-loss condition.

2. To permit, commit or suffer no waste, impairment or deterioration of the Property, or any part thereof.

3. To permit no other lien(s) or mortgage(s) to be placed ahead of this mortgage, except the Mortgage held by City National Bank of Florida, given by the Individual Defendant, dated April 5, 2016 and recorded April 7, 2016, in Official Records Book 30029, Pages 2579-92, in the Office of the Clerk of Miami-Dade County, Florida.

4. The Mortgagor shall provide proof of payment of annual real estate taxes by April 15th, for the preceding year's taxes. In the event that the Mortgagor does not pay the taxes by such date, the Mortgagee may pay the taxes and the full amount of such payment by the Mortgagee shall be added to the principal balance owed by the Defendant-Debtors pursuant to the Stipulated Final Judgment, and shall accrue interest at the maximum rate allowed by law.

5. Mortgagor waives his homestead exemption to the fullest extent provided by law.

This mortgage, and Defendant-Debtors' monetary obligations under the Stipulated Final Judgment being secured herein, shall be construed and enforced according to the laws of the State of Florida.

Executed at _____,_____ on the date written above.

WITNESS the due execution hereof as of the date first above written.

Signed, sealed and delivered in
the presence of:

_____

Scott Cooper

_____     By:_____
Print Name:_____     Print Name:_____


_____
Print Name:_____


STATE OF FLORIDA          )
                          ) SS:
COUNTY OF _____)

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, the foregoing instrument was acknowledged before me by _____, the _____ of _____ _____a _____, who is personally known to  me  or who has produced _____ as identification.

    WITNESS my hand and official seal in the County and State last aforesaid this ____ day of _____, 2018.

_____
Notary Public

_____
Typed, printed or stamped name of Notary Public

My Commission Expires:

3